**LEMON LAW GROUP PARTNERS, PLC**
Jay W. Chamberlin, Esq. (317191)
*jchamberlin@lemonlawgrouppartners.com*
3323 NE 163rd Street, Suite 301
North Miami Beach, Florida 33160
Phone: (888) 415-0610
Fax:    (305) 846-8991
*Attorneys for Plaintiff*
*Zachary Hayer*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ZACHARY HAYER**, <br><br> Plaintiff, <br><br> v. <br><br> **GENERAL MOTORS LLC,** <br><br> Defendant. | **No.** |

Plaintiff Zachary Hayer through his attorneys Lemon Law Group Partners, PLC, alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff purchased a new 2022 Chevrolet Colorado ("Subject Vehicle"), which was manufactured by Defendant General Motors LLC ("GM" or "Manufacturer").  After he purchased the Subject Vehicle, Plaintiff discovered defects that substantially impair its value and safety.  Plaintiff brings this action to invoke the remedies available to him under Pennsylvania law to address GM's failure to repair the Subject Vehicle, replace it with a conforming car, or repurchase it.

## NATURE OF THE CASE

2.      In the 21st century, American car consumers expect that a new car will perform as advertised.  They have this expectation because car manufacturers provide written warranties with their vehicles that guarantee that the vehicle will be of a certain quality or it will be repaired.  These expectations are bolstered by federal and state laws that grant consumers rights of action if the manufacturer fails to live up to its advertisements or its warranties.

3.      This case arises from GM's failure to live up to its advertisements or its warranties.  Because GM has not honored its words or its guarantees, in this action, Plaintiff brings claims for breach of express warranty, breach of implied warranty, violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq*., revocation of acceptance, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), and violations of the Vermont New Motor Vehicle Arbitration Act ("Lemon Law").

4.      For these breaches and violations, Plaintiff asks the Court to declare the Subject Vehicle to be defective and substantially impaired by those defects, order GM to repurchase the Subject Vehicle, grant the Plaintiff his incidental and consequential damages, and impose statutory damages on the Defendant.  In addition, because GM did not comply with federal and Pennsylvania law, Plaintiff asks this Court to order GM to pay the costs of this suit, including his attorneys' fees.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because this is an action for monetary damages that exceed $53,882.47, exclusive of interest, costs, and attorneys' fees.

6.      This Court has jurisdiction pursuant to 28 U.S.C § 1331 because this is an action for monetary damages that exceed $53,882.47, exclusive of interest, costs, and attorneys' fees

that arises from violations of 15 U.S.C. § 2301, *et seq*. and authorized by 15 U.S.C. § 2310(d).

7.      This Court has jurisdiction pursuant to 18 U.S.C. § 1367 because Mr. Hayer's claims under state law arise from the same actions, transactions, or events described herein.

8.      The United States District Court for the Eastern District of Pennsylvania has personal jurisdiction over the Defendant General Motors LLC ("GM" or "Manufacturer") because, while its principal place of business is in Michigan, it has had sufficient minimum contacts with Pennsylvania, is registered to do business in Pennsylvania, conducts substantial business in Pennsylvania, has had systematic and continuous contacts within Pennsylvania, and has agents and representatives that can be found in Pennsylvania.

9.      Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Eastern District of Pennsylvania because the actions, transactions, and events that form the basis for this action occurred in Chester County, Pennsylvania and the harm to Mr. Hayer was felt in Chester County, Pennsylvania.

## THE PARTIES

10.     Plaintiff is a resident of Vermont, domiciled in Chittenden County.  He is the owner of the Subject Vehicle, with the VIN 1GCPTEE11N1143643, which he purchased from an authorized GM dealership in West Chester, Pennsylvania.

11.     Defendant General Motors LLC ("GM" or "Manufacturer") is organized under the laws of State of Delaware and is registered to do business in the Commonwealth of Pennsylvania.  GM's principal place of business is in Michigan.  Its registered agent for service of process is Corporation Service Company, 5235 North Front Street, Harrisburg, Pennsylvania 17110.

## FACTUAL BACKGROUND

### *The Purchase*

12.     On or about May 6, 2022, Plaintiff purchased the Subject Vehicle, bearing the VIN 1GCPTEE11N1143643.  Attached to this Complaint as Exhibit "A" is a copy of the Purchase Agreement.  Plaintiff incorporates Exhibit A into this Complaint by reference.  The total sale price of the vehicle was approximately $53,882.47.

13.     Plaintiff purchased the Subject Vehicle from Ciocca Chevrolet of West Chester ("Dealer"), an authorized GM dealership located in West Chester, Pennsylvania.  Plaintiff purchased the Subject Vehicle for his own private, personal use.

14.     At the time of purchase, the Subject Vehicle was accompanied by a written warranty which provided bumper-to-bumper coverage for a period of three (3) years or 36,000 miles and powertrain coverage for five (5) years or 60,000 miles.  This warranty extends to any repair or replacements needed during these periods or due to defects in materials or workmanship.  Attached to this Complaint as Exhibit "B" is a copy of a relevant portion of the warranty.  Plaintiff incorporates Exhibit B into this Complaint by reference.

### *Defects in the Subject Vehicle Go Unrepaired*

15.     Shortly after purchase, Plaintiff began to have problems with the Subject Vehicle's performance.  For these problems, he returned the Subject Vehicle to an authorized GM dealership for repairs on or about three (3) occasions, which kept the Subject Vehicle out of service for at least ten (10) days.  Attached to this Complaint as Exhibit "C" are copies of repair orders relating to these attempts to repair the Subject Vehicle.  Plaintiff incorporates by reference the contents of these repair orders as if set forth completely herein.

16.     As described in the repair orders contained in Exhibit C, Plaintiff repeatedly presented the Subject Vehicle to an authorized dealership for repairs expressly related to defects

present in the vehicle.  These defective systems and components include, but are not limited to, those identified in Exhibit C to this Complaint.

17.   These repair attempts occurred between December 2, 2022 and August 20, 2024. At the time of the first repair attempt, the mileage on the Subject Vehicle was 6,270 miles.  At the time of the third repair attempt, the mileage on the Subject Vehicle was 14,314 miles.

18.   Despite these repair attempts by GM's agents, GM was unable to conform the Subject Vehicle to its warranties or its representations.  Indeed, the defects persist.  Due to the Subject Vehicle's defects and GM's attempts to repair them, the safety, use, and value of the Subject Vehicle were substantially impaired.

19.   Because GM was unable to conform the Subject Vehicle to its warranties or representations, on September 4, 2024, Plaintiff wrote to GM to inform it that the Subject Vehicle was defective and present it with one final opportunity to repair it.  In addition, Plaintiff revoked his acceptance of the Subject Vehicle and requested that the Defendant repurchase it. Attached to this Complaint as Exhibit "D" is a copy of Plaintiff's September 4, 2024 letter directed to Defendant GM.  Plaintiff incorporates it into this Complaint by reference.

20.   To date, Defendant GM has refused to repurchase the Subject Vehicle.

## COUNT I
## BREACH OF EXPRESS WARRANTY

21.   Plaintiff incorporates by reference the averments contained in the preceding and following paragraphs as if fully set forth herein.

22.   As described herein, as part of the consideration for the contract price of the Subject Vehicle, GM provided with it an express warranty.

23.   In its warranty, GM promises bumper-to-bumper coverage for a period of three (3) years or 36,000 miles and powertrain coverage for five (5) years or 60,000 miles.

5

24.     In addition to these terms, under Pennsylvania law, implied in every contract is a general duty of good faith and fair dealing in its performance.  This duty requires all parties to the contract to perform their obligations in good faith.

25.     As described in greater detail herein, Plaintiff repeatedly presented the Subject Vehicle to an authorized GM dealership for repairs.  Even though the dealer attempted repairs, the defects persisted.

26.     Beyond presenting the Subject vehicle to an authorized dealership for repair, Plaintiff wrote to GM and notified it, under Pennsylvania law, that he believed the Subject Vehicle was a lemon.  *See* Exhibit D.  By this notification, Plaintiff gave GM the opportunity to repair or repurchase the Subject Vehicle.

27.     Despite three (3) or more opportunities to fix the Subject Vehicle or replace it with a conforming vehicle, GM failed to do so.  As such GM breached the terms of the express warranty and the implied covenant of good faith and fair dealing.

28.     Further, because repairs took an unreasonable amount of time and were not successful, GM's warranty failed of its essential purpose.  Therefore, any limitations of remedies in the warranty are void.

29.     As a result of GM's breaches, Plaintiff has suffered incidental and consequential damages.

WHEREFORE, Plaintiff respectfully seeks the relief set forth below.

## COUNT II
## BREACH OF IMPLIED WARRANTY

30.     Plaintiff incorporates by reference the averments contained in the preceding and following paragraphs as if fully set forth herein.

31.     Every vehicle sold in the Commonwealth of Pennsylvania is subject to the

implied warranties of merchantability found at 13 Pa. C.S.A. § 2314.  These warranties include:

A.   that the Subject Vehicle was fit for the ordinary purpose of safe, reliable transportation;

B.   that the Subject Vehicle was of good, sound, and merchantable quality;

C.   that the Subject Vehicle was free from defective parts and workmanship; and

D.   that any defects or non-conformities in the Subject Vehicle would be cured within a reasonable time.

32.   As described herein, the Subject Vehicle does not conform to these warranties because it continues to suffer from the defects described herein.

33.   Plaintiff provided GM with at least three (3) opportunities to repair the Subject Vehicle, which kept it out of service for approximately ten (10) days.  As such, GM has had more than a reasonable opportunity to repair or replace the Subject Vehicle.

34.   As a direct and consequential result of GM's breach of these implied warranties, Plaintiff has suffered and continues to suffer damages in an amount to be proved at trial.

WHEREFORE, Plaintiff respectfully seeks the relief set forth below.

**COUNT III**
**VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY ACT**

35.   Plaintiff incorporates by reference the averments contained in the preceding and following paragraphs as if fully set forth herein.

36.   The Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.* empowers consumers to seek judicial enforcement of warranties against manufacturers like GM. Pursuant to section 2310(d) of the MMWA, consumers may seek judicial enforcement of warranties and damages, including attorneys' fees and costs, flowing from breaches of warranties by suppliers and warrantors.

37. Plaintiff is a consumer within the ambit of the MMWA because he purchased the Subject Vehicle, a "consumer product" within the meaning of § 2301(1), with a written warranty, within the meaning of § 2301(6), and implied warranties, within the meaning of § 2301(7), and are entitled to enforce these warranties against the "warrantor", within the meaning of § 2301(5).

38. Defendant is a "supplier", within the meaning of § 2301(4), and a "warrantor", within the meaning of § 2301(5), because Defendant is in the business of manufacturing motor vehicles, "consumer product[s]" within the meaning of § 2301(1), and offering them to "consumer[s]", within the meaning of § 2301(3), with "written warrant[ies]", within the meaning of §2301(6), and "implied warrant[ies]", within the meaning of § 2301(7).

39. The Subject Vehicle is a "consumer product", within the meaning of § 2301(1), because the Subject Vehicle is tangible property marketed and sold, in and amongst the several states, for personal, family or household purposes.

40. Pursuant to section 2304(d), GM was required to remedy any defects, malfunction, or non-conformance of the subject vehicle within a reasonable time and without charge to Plaintiff.

41. As described in greater detail herein, by failing to repair or replace the Subject Vehicle, GM defaulted on its obligations under its written warranty and the warranties imputed to it by Pennsylvania law. By breaching its express and implied warranties it violated the MMWA.

42. Plaintiff has repeatedly requested that GM repair or replace the Subject Vehicle. Plaintiff has complied with every condition of GM's warranties imposed upon him. Nevertheless, GM has refused to honor its obligations, repair the defects present in the Subject Vehicle, or replace the Subject Vehicle with a conforming vehicle.

43.      As a result of GM's breaches, Plaintiff has and will continue to suffer damages resulting from the loss of use of the Subject Vehicle and the diminution of the Subject Vehicle's value.

44.      As described herein, GM has had at least three (3) reasonable opportunities to cure these defects but has failed to do so.  Accordingly, the provisions of the MMWA entitle Plaintiff to return the Subject Vehicle, without penalty, and a refund of his payment.

45.      Pursuant to section 2310(d)(2) of the MMWA, Plaintiff is entitled to recover the costs of this lawsuit, including attorneys' fees.

WHEREFORE, Plaintiff respectfully seeks the relief set forth below.

**COUNT IV**
**REVOCATION OF ACCEPTANCE**

46.      Plaintiff incorporates by reference the averments contained in the preceding and following paragraphs as if fully set forth herein.

47.      Every purchaser in the Commonwealth of Pennsylvania may revoke his or his acceptance of a good when its non-conformity substantially impairs its value, as allowed by 13 Pa. C.S.A. § 2608.

48.      As described in greater detail herein, the Subject Vehicle is defective.

49.      Plaintiff accepted the Subject Vehicle on the basis that if it did not conform to GM's warranties, GM would seasonably repair or replace the vehicle.

50.      Due to the difficulty in discovering the defects present in the Subject Vehicle, Plaintiff was unable to detect them prior to acceptance.  Plaintiff relied on GM's assurances that if the Subject Vehicle did not conform to its warranties, it would repair or replace the vehicle.

9

51.     As a result of the Subject Vehicle's lengthy repair history and continuing defects, Plaintiff sought to revoke his acceptance of the Subject Vehicle through his September 4, 2024 letter.  *See* Exhibit D.

52.     Plaintiff's revocation of acceptance occurred within a reasonable time after he discovered that the defects could not be cured.  Indeed, Plaintiff revoked acceptance prior to GM's completion of its most recent repair attempt.  *See* Exhibit C.

53.     Plaintiff now believes that said defects and non-conformities cannot be reasonably, or ever, cured, resulting in a loss of confidence that the Subject Vehicle can be operated safely or that it will ever reflect the value GM promised.

54.     Defendant GM has refused to comply with Plaintiff's revocation of acceptance and has refused to refund Plaintiff's payment.

55.     As a result, Plaintiff is entitled to revoke acceptance and receive a full refund of his payment, together with incidental and consequential expenses including repair costs, insurance and other expenses, interest, and reasonable attorneys' fees, together with interest according to law.

WHEREFORE, Plaintiff respectfully seeks the relief set forth below.

**COUNT V**
**VIOLATIONS OF THE PENNSYLVANIA**
**UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**

56.     Plaintiff incorporates by reference the averments contained in the preceding and following paragraphs as if fully set forth herein.

57.     GM has violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") 73 P.S. § 201-1 *et seq.,* by its actions as more fully described herein.

58.     Under the UTPCPL, "Persons" include, but are not limited to, natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entities within the meaning of 73 P.S. § 201-2(2).  Plaintiff is a person within the meaning of the UTPCPL

59.     In distributing, pricing, marketing, selling, warranting, and repairing vehicles in the Commonwealth, the Defendant is engaging in trade or commerce that directly or indirectly harmed consumers in Pennsylvania within the meaning of 73 P.S. § 201-2(3).

60.     Specifically, the UTPCPL declares as unlawful the failure "to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made".  73 P.S. § 201-2(4)(xiv).

61.     Plaintiff received a written warranty from GM at the time of purchase.  See Exhibit B.  By failing to repair the Subject Vehicle in a reasonable amount of time or at all, GM breached this warranty.  Therefore, GM violated the UTPCPL each time it failed to repair the Subject Vehicle within a reasonable amount of time or at all.  See Exhibit C.

62.     In addition, the UTPCPL prohibits "[e]ngaging in any other deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi).  GM violated this provision by representing that the vehicle had certain information, entertainment, and safety features as required by law or for the convenience of the consumer.  Its representations convinced the Plaintiff that these features and functions would reliably perform as advertised or it would make those systems perform as advertised.  However, GM provided the Plaintiff with a vehicle that was defective and was unable to repair it in a reasonable time or at all.

63.     For instance, vehicles should not pull severely to one side while driving.  The Subject Vehicle was defective in that it pulled to one side severely while driving, and GM was

11

unable to repair it in a reasonable time or at all.  See Exhibit C.  Its conduct created a likelihood of confusion.

64.    Finally, GM violated the UTPCPL by failing to repurchase or replace the Subject Vehicle as required by the Lemon Law.  See 73 P.S. § 1961.

65.    GM's conduct more fully described herein is proscribed and unlawful pursuant to 73 P.S. §201-3.

66.    As a result of GM's unfair and deceptive acts and practices, Plaintiff has suffered and will continue to suffer ascertainable losses and damages in an amount to be determined at trial, which amounts should be awarded pursuant to 73 P.S. §201-9.2.  These amounts should be trebled, in this Court's discretion, as appropriate.

WHEREFORE, Plaintiff respectfully seeks the relief set forth below.

## COUNT VI
## VIOLATION OF THE VERMONT NEW MOTOR VEHICLE ARBITRATION ACT

66.    Plaintiff incorporates by reference the averments contained in the preceding and following paragraphs as if fully set forth herein.

67.    Plaintiff is a "consumer" as defined by 9 VSA § 4171 (2).

68.    Defendant Manufacturer is a "Manufacturer" as defined by 9 VSA § 4171 (7).

69.    Defendant GM extended to Plaintiff a three (3) year – 36,000 mile bumper-to-bumper warranty and five (5) year – 60,000 mile Powertrain warranty.

70.    The Subject Vehicle has been subject to a reasonable number of repair attempts for the aforementioned defects:

(a)    the same nonconformity as identified in any written examination or repair order has been subject to repair at least three times by the manufacturer, its agent, or authorized dealer

12

and at least the first repair attempt occurs within the express warranty term and the same nonconformity continues to exist 9 VSA § 4172 (g) (1); and/or

(b)    the vehicle is out of service by reason of repair of one or more nonconformities, defects or conditions for a cumulative total of 30 or more calendar days during the term of the express warranty 9 VSA § 4172 (g) (2);

71.    Due to the repair history, Plaintiff provided Defendant Manufacturer a reasonable opportunity to conform Plaintiff's Vehicle.

72.    Due to Defendant Manufacturer's failure to conform Plaintiff's Vehicle within a reasonable time, Defendant Manufacturer must either replace or accept return of Plaintiff's Vehicle pursuant to 9 VSA § 4172 (e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zachary Hayer requests the Court to enter the following relief:

(a)    Declare Plaintiff's vehicle to be defective and nonconforming and declare GM's conduct to have violated its express and implied warranties;

(b)    Declare unlawful the acts and practices alleged herein, and enjoin GM from committing the acts alleged herein;

(c)    Enter judgment against GM for the violations alleged herein;

(d)    Award the actual and consequential damages incurred by Plaintiff as a result of the wrongful acts complained of, along with pre-judgment and post-judgment interest at the maximum rate allowed by law;

(e)    Order GM to accept repurchase of the Subject Vehicle;

(f)    Award statutory damages as set forth herein;

(g)    Award treble damages or multiple damages by operation of law;

13

(h)  Award exemplary or punitive damages;

(i)  Award Plaintiff the costs of this action, including reasonable attorney's fees, and where applicable, expert fees; and

(j)  Award such other and further relief as the Court may deem just and appropriate.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury of all issues so triable in this cause.

Respectfully submitted,

Dated: July 10, 2026        By:  *s/ Jay W. Chamberlin*
                                 Jay W. Chamberlin, Esq. (317191)
                                 *jchamberlin@lemonlawgrouppartners.com*
                                 LEMON LAW GROUP PARTNERS, PLC
                                 3323 NE 163rd Street, Suite 301
                                 North Miami Beach, Florida 33160
                                 Phone: (888) 415-0610
                                 Fax:   (305) 846-8991
                                 *Attorneys for Plaintiff*
                                 *Zachary Hayer*